**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL HENDERSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-04307 |
| v. | ) | |
| | ) | |
| FIRST STEP GROUP, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Michael Henderson, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions

occurred here and Defendant transacts substantial business here.

**PARTIES**

3.      Plaintiff, Michael Henderson ("Plaintiff" or "Pastor Henderson"), is Pastor

of Second Baptist Church in La Grange, Illinois. Pastor Henderson is a resident of the

State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt

allegedly owed for a defaulted HSBC Nevada Bank, N.A. consumer credit card account.

Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the

FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois

Collection Agency Act.

4.      Defendant, First Step Group, LLC ("FSG"), is a Minnesota limited liability company with its principal place of business at 6300 Shingle Creek Parkway, Suite 220, Brooklyn Center, Minnesota 55430. It does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 South LaSalle, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

5.      Defendant FSG is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6.      Defendant FSG holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

7.      Defendant FSG regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

8.      Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a HSBC Nevada Bank, N.A. consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

9.      Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

10.     The debt was subsequently purchased by CACH, LLC, and assigned for collection to FSG.

11.     On or about April 4, 2016, FSG sent a letter directly to Pastor Henderson regarding the alleged debt ("Letter"). (Exhibit C, Collection Letter).

12. The Letter conveyed information regarding the alleged debt directly to Plaintiff, including the original creditor, an account number, and a current balance.

13. The Letter, thus, was a "communication" as that term is defined at 15 U.S.C. § 1692a(2).

14. The Letter states, in part:

> **THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, CACH, LLC WILL NOT SUE YOU FOR IT, AND CACH, LLC WILL NOT REPORT IT TO ANY CREDIT REPORTING AGENCY.**

15. The debt is time-barred, meaning that CACH cannot sue Plaintiff.

16. Defendant's Letter states that CACH has chosen not to sue ("[w]ill not sue"), instead of the true fact that it cannot sue as a matter of law.

17. Defendant's statement contained in its Letter is materially deceptive to the unsophisticated consumer, who would believe that CACH has the option to change its mind should he not pay the alleged debt.

*18.* A letter is deceptive when "it does not tell the consumer that the debt is time-barred and defendant cannot sue plaintiff to collect it, rather, it implies that defendant has chosen not to sue. Nor does it tell plaintiff that the effect of making (or agreeing to make) a partial payment on a time-barred debt is to revive the statute of limitations for enforcing that debt." *Slick v. Portfolio Recovery Assocs., LLC*, 2015 U.S. Dist. LEXIS 84448, *10 (N.D. Ill. June 30, 2015), citing *Pantoja v Portfolio Recovery Associates, LLC*, 2015 U.S. Dist. LEXIS 26908, *4-5 (N.D. Ill. Jan. 14, 2015); *Phillip Ross v. St. Clair Foundry Corp.*, 271 Ill. App. 271, 273 (4th Dist. 1933); See also *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014).

*19.*     Pastor Henderson did not know, and the unsophisticated consumer would not know, that making a payment, or even attempting to make a payment, would reset the statute of limitations on the debt, permitting Defendant or CACH to sue Plaintiff for the alleged debt.

20.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

**(A) the character, amount or legal status of any debt; . . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. . . .**

21.     Defendant made deceptive and misleading representations when it communicated to Plaintiff that it's client, CACH, was opting not to sue Plaintiff, when in fact it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

22.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

23.     Defendant failed to inform Plaintiff that a payment, or partial payment, or even a returned partial payment, on the alleged debt would revive the statute of limitations for enforcing the debt, in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692f.

24.      Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

25.      Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

26.      Defendant made deceptive and misleading representations when it communicated to Plaintiff that it's client, CACH, was opting not to sue Plaintiff, when in fact it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

27.      Defendant failed to inform Plaintiff that a payment, or partial payment, or even a returned partial payment, on the alleged debt would revive the statute of limitations for enforcing the debt, in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692f.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

C.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**

73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com