UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HENDERSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 16-cv-04307 |
| v. ) | |
| ) | Hon. Elaine E. Bucklo |
| FIRST STEP GROUP, LLC, ) | |
| ) | Magistrate Judge Young B. Kim |
| DEFENDANT. ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT FIRST STEP GROUP, LLC
AFFIRMATIVE DEFENSES**

Plaintiff, Michael Henderson, by and through her attorneys, Community Lawyers Group, Ltd., respectfully moves this Court pursuant to Fed. R. Civ. P. 12(f) to strike Defendant, First Step Group, LLC First, and Second Affirmative Defenses. Plaintiff states the following in support of her motion:

1. Plaintiff filed the instant action on April 14, 2016 (Dkt. #1, Complaint) asserting violations of the Fair Debt Collection Practices Act .

2. On June 2, 2016, Defendant, First Step Group, LLC ("FSG") filed their Answer to Plaintiff's Complaint, which included four affirmative defenses. (Dkt. #10, Answer to Complaint).

3. Taking discovery upon, and responding to, five affirmative defenses will dramatically add to the costs of litigating this otherwise simple matter.

4. Plaintiff challenges and moves to strike Defendant's Affirmative Defenses as a matter of law.

5. Federal Rule of Civil Procedure 12(f) states that a party may move to strike "from

any pleading any insufficient defense. . . ." Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial v. Midwhey Powder Co.*, 833 F.2d 1286, 1294 (7th Cir. 1989).

## DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

1. Defendant's First Affirmative Defense states:

   **Plaintiff has failed to state a claim against Defendant upon which relief can be granted.**

2. An assertion that the Plaintiff failed to state a claim directly attacks the merits of Plaintiff's case and therefore is not in the nature of an affirmative defense.

3. Not all contentions which attack a plaintiff's cause of action are affirmative defenses. Rather, a defense is an affirmative defense if it will defeat a plaintiff's claim even where plaintiff has stated a *prima facie* case for recovery under the applicable law.

4. Failure to state a claim is not a proper affirmative defense and should be stricken under Fed. R. Civ. P 12(f). *Quintana v. Baca,* 233 F.R.D. 562, 564 (D.C. Cal. 2005).

## DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

5. Defendant's Second Affirmative Defense states:

   **To the extent Defendant's conduct violated the law, such conduct was not intentional but was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error(s).**

6. Defendant thus asserts the affirmative defense of "bona fide error," which is equivalent to stating that they have made a "genuine mistake*." Kort v. Diversified Collection Servs*., 394 F.3d 530, 538 (7th Cir. 2005). As Defendant is pleading that a mistake is made which resulted in the violation asserted, the affirmative defenses are thus subject to the heightened pleading requirements of Fed.R.Civ.P.9(b).

7. Federal Rule of Civil Procedure 9(b) provides as follows:

> **Rule 9 PLEADING SPECIAL MATTERS…**
>
> **. . . (b) FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. (emphasis added).**

8. "An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense. The only exceptions are the defenses that fall within the special pleading provisions of Rule 9, especially Rule 9(b), which deals with fraud, mistake, and conditions of the mind." Charles Alan Wright and Arthur R. Miller, 5 FEDERAL PRACTICE AND PROCEDURE § 1274, at 455-56 (1990), as quoted in *Smith v. Wal-Mart Stores, Inc.*, No. C 06-2069, 2006 WL 2711468, at *5, 2006 U.S. Dist. LEXIS 72225 (N.D. Cal. Sept. 20, 2006); *see also United States ex rel. James Cape & Sons Co. v. Am. Home Assur. Co.*, No. 02 C 1903, 2004 WL 3119029, at *8, 2004 U.S. Dist. LEXIS 24212 (N.D. Ill. Dec. 3, 2004).

9. Rule 9(b) provides that, in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); Fed. R. Civ. P. 9(b). "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).

10. Federal Rule of Civil Procedure 12(f) states that a party may move to strike "from any pleading any insufficient defense....". "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

11. Courts in the Northern District of Illinois follow a three part test for examining

affirmative defenses subject to a motion to strike: (1) the defense must be properly pleaded as an affirmative defense; (2) the defense must be adequately pleaded under Fed. R. Civ. P. 8 and 9; and (3) the defense must state a claim under Fed. R. Civ. P. 12(b)(6) such that if it is impossible for defendant to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient. *Heller*, 883 F.2d at 1294 (approving three-part test set forth in *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982)); *see also, Franklin Capital Corp. v. Baker & Taylor Entertainment, Inc.*, 2000 WL 1222043, at *2 (N.D. Ill. Aug.22, 2000).

12. This motion concerns the second prong: Defendant alleges in this case that it made an error, and thus a "mistake". Plaintiff is therefore entitled under Rule 9(b), at the pleading stage, to know what the mistake was, who made the mistake, when it happened, where it happened, and how it happened—all of which is conspicuously absent from the affirmative defense asserted by Defendant. Accordingly, Plaintiff requests that the Court strike this defense for failure to comply with Fed. R. Civ. P. 9(b), and require Defendants to re-plead its alleged "mistake" with particularity, including the "whos, whats, whens, wheres, and hows" of the error. (*See, e.g., Beigl v. Northwest Collectors, Inc.*, 2012 U.S. Dist. LEXIS 28675 at *2 (N.D. Ill. Mar. 5, 2012); *Lowe et al v. Diversified Consultants, Inc.*, 2012 U.S. Dist. Lexis 123650 at *2-3 (August 30, 2012); *Konewko v. Dickler, Kahn, Slowikowsi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685 at *2-3 (May 14, 2008).

13. Defendant's second affirmative defense also fails to comply with Fed. R. Civ. P. 8. as well because it fails to provide any facts in support of its claims that its violations were unintentional, resulted from a bona fide error, and that it had specific procedures in place reasonably calculated to avoid such violations.

14. "Rule 8(a) and the Seventh Circuit agree that a defendant does have a duty to allege the necessary elements' of its defense in order to conform with the Federal Rules." *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003) (*quoting Heller*, 883 F.2d at 1295). Further, the Defendant "must provide enough facts so that at a minimum, the plaintiff is put on notice as to which of its actions are complained of." *Id*.

15. An affirmative defense "must set forth a 'short and plain statement' of the defense, and if an affirmative defense is insufficient on its face or comprises no more than 'bare bones conclusory allegations' it must be stricken." *Stafford v. Connecticut General Life Ins. Co.*, 1996 WL 197677, *2 (N.D. Ill. 1996) (*quoting Heller*, 883 F.2d at 1294-95).

16. Here, the affirmative defense fails to meet even the liberal pleadings standard of Rule 8. Beyond pleading bare conclusions that merely parrot the elements of the FDCPA bona fide error defense, Defendant fails to allege a single fact in support of its contentions (a) that its violation of the FDCPA was not intentional, (b) that it resulted from a bona fide error, and (c) that it maintains procedures reasonably adapted to avoid such errors.

17. Defendant does not explain how or why *bona fide error* is applicable here and fails to apprise Plaintiff of any basis whatsoever for the alleged bona fide error defense, as required by Federal Rule of Civil Procedure 8(c). *State Farm Mutual Auto Ins. Co. v. Riley*, 199 F.R.D. 276 (N.D. Il1.2001) (attached as Exhibit A). "It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ("laches," "estoppel," "statute of limitations" or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense - which is after all the goal of notice pleading.*" State Farm Mutual Auto Ins. Co.*, 199 F.R.D. at 279.

WHEREFORE, Plaintiff respectfully requests entry of an order striking Defendant First

Step Group, LLC's First, and Second, Affirmative Defenses and for any other and further relief this Court deems just and appropriate.

          By: s/*Celetha Chatman*
          One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com