```
 1                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   MICHAEL HENDERSON,        )
                               )
                               )    Docket No. 16 CV 04307
 4              Plaintiff,     )
                               )
 5        vs.                  )
                               )    Chicago, Illinois
 6   FIRST STEP GROUP, LLC,    )    November 30, 2017
                               )    9:57 AM
 7              Defendant.     )

 8            TRANSCRIPT OF PROCEEDINGS - Status
 9         BEFORE THE HONORABLE ELAINE E. BUCKLO

10
     APPEARANCES:
11

12   For the Plaintiff:     COMMUNITY LAWYERS GROUP, LTD.
                            BY:  MS. CELETHA CHATMAN
13                          73 West Monroe Street, Suite 514
                            Chicago, Illinois  60603
14

15   For the Defendant:    BROCK & SCOTT, PLLC
                            BY:  MS. CHARITY A. OLSON
16                          2723 South State Street, Suite 150
                            Ann Arbor, Michigan  48104
17

18

19

20

21

22
     Court Reporter:       SANDRA M. MULLIN, CSR, RMR, FCRR
23                         Official Court Reporter
                           219 S. Dearborn Street, Room 2260
24                         Chicago, Illinois  60604
                           (312) 554-8244
25                         Sandra_Mullin@ilnd.uscourts.gov
```

1    (Proceedings heard in open court:)

2    THE CLERK:  16 CV 4307, Henderson versus First Step

3    Group.

4    MS. CHATMAN:  Good morning, your Honor.  Cynthia

5    Chatman on behalf of plaintiff.

6    MS. OLSON:  Good morning, your Honor.  Charity

7    Olson on behalf of the defendant.

8    THE COURT:  Good morning.  All right.  So what

9    happened as far as where are you?

10    MS. CHATMAN:  We still haven't received the

11    documents, your Honor.  That's where we're at.

12    MS. OLSON:  Your Honor, as I represented to the

13    magistrate and counsel, the defendant in this case is no

14    longer operating.  They haven't been operating for some time.

15    They're a single client, filed for Chapter 11 bankruptcy

16    protection earlier this year.  We attempted to engage in a

17    settlement discussion.  At that time, I indicated that there

18    were some funds left on retainer that had been authorized to

19    be re-purposed, for lack of a better word, for settlement.

20    That was not satisfactory to plaintiff.  There was a request

21    for additional documentation.

22    Since that time, I don't have people that I can

23    speak with because the company isn't operating.  And the

24    amount of money that was left in the retainer continues to

25    dwindle because we continue to appear here.

1          So at this point in time, I -- we are no further

2    along than we were before.  And if plaintiff wants to have

3    her day in court to do a damages hearing, she is certainly

4    entitled to do so.

5          THE COURT:  Well, all right.  Some of this is

6    before the magistrate judge.

7          MS. OLSON:  That's correct, your Honor.

8          THE COURT:  You will be before him tomorrow.  What

9    are you doing -- what are you going to do with this case

10   here?

11         MS. CHATMAN:  Well, the next step, your Honor, is a

12   damages trial.  We were waiting on documentation.  They told

13   us that they would give us the documentation, your Honor.  I

14   mean, we haven't been doing -- we thought we would receive

15   it.  They represented -- defendant represented that they

16   would give us the financial statements, and they haven't.

17   They represented it to your court at the last status hearing

18   that they would give it to us, your Honor, which is why you

19   ordered them to produce the documentation.

20         MS. OLSON:  Your Honor, I can't produce documents I

21   don't have.  Furthermore, this is starting to, you know, sort

22   of -- it's seeming a whole lot like a post-judgment creditors

23   exam.  And, again, the -- we've been forthright about the

24   financial circumstances.  We've indicated to plaintiff in no

25   uncertain terms that every day and week and month that they

1   continue to press forward what little amount of money which

2   was available continues to dwindle, today being no exception.

3   So I'm mindful and sensitive to using the court's resources,

4   to using plaintiff's counsel's resources and using my own

5   resources, but I can't get blood from a stone, your Honor.

6   And if plaintiff is insistent on getting a judgment that will

7   never be collectable, again, that is plaintiff's prerogative

8   and option, assuming a jury will even award damages on this

9   claim, which remains to be seen.

10          MS. CHATMAN:  Well, your Honor, it's our

11  understanding that the reason -- one of the reasons we wanted

12  this documentation, your Honor, it's our understanding that

13  defendants have actually merged with another corporation,

14  which is what they -- which is what they stated in their

15  filings with the Secretary of State, your Honor.

16          MS. OLSON:  I'm not aware of what filings she is

17  referencing.

18          MS. CHATMAN:  I think I -- I think it's an e-mail

19  that I sent to the magistrate judge that you were cc'd on.

20          THE COURT:  Okay.  Let's start with this.  I'm

21  going to deal with what's before me.  There were various

22  motions in limine.  I take it none of those are -- you're

23  disputing?

24          MS. OLSON:  Let me look at those, your Honor.  I

25  didn't know we were going to speak to those today.

1          THE COURT:  Well, I'm just trying to figure out

2     what to do with the case.  So I guess if you're not going to

3     settle it, I'm trying to resolve this.  I couldn't take it to

4     trial right now anyway, unless we get everything resolved.

5          MS. OLSON:  Understood, your Honor.  I don't

6     believe that we've --

7          MS. CHATMAN:  We filed motions in limine.  I don't

8     think you objected to them.

9          THE COURT:  There are -- one, two, three, four,

10    five -- six motions in limine, at least pending on the

11    dockets, Dockets 49 through 54.

12          Okay.  I will give you two weeks to respond.  If

13    you don't respond, they're granted, and then I'll have you

14    back and we'll take it piece by piece.

15          MS. OLSON:  And for each of those, your Honor, if

16    we don't intend to oppose them, I will gladly file a notice

17    prior to the two-week period letting folks know so we can

18    continue to clear out non-issues.

19          THE COURT:  Okay.  All right.  So two weeks is the

20    12th.  I think I will have you back some day when I don't --

21    how about the 18th?  I'll have you back on then, the 18th,

22    for status.  At which point, I'll see where we are on trying

23    to clear this off if -- I mean, I'm not making any judgments

24    about whether there should be a trial or how to do it.  Some

25    of this you're going to have to deal with with the magistrate

1   judge.  You could, by the way, all consent to having him

2   handle all of it so you don't have to appear in two places.

3   But that's up to you as well.

4            MS. OLSON:  Your Honor, I do know that

5   December 18th, actually, I was waiting on -- I have a

6   conflict on that day.

7            THE COURT:  Oh, sure, it didn't have to be that

8   day.  How about the 19th?

9            MS. OLSON:  I think the 18th is a Friday?

10           THE COURT:  18th is a Monday.

11           MS. OLSON:  Are you talking about January or

12   December?

13           THE COURT:  No, December.

14           MS. OLSON:  Can I grab my calendar?

15           THE COURT:  Sure.

16           MS. OLSON:  Your Honor, I am in a deposition on

17   December 19th.  Shall I look at the 20th?

18           THE COURT:  Sure.

19           MS. OLSON:  I will look at the 21st.  I have a --

20   there is a lot jammed in that week simply because of the

21   holiday.  I have a final pretrial conference in the Eastern

22   District of Michigan, as well as a hearing on a motion for

23   summary judgment.

24           THE COURT:  Well, how about going back the week

25   before?  How about -- I said you had to file this by the

1    12th.  How about the 14th?  Oh, no, actually, there is

2    something in this building I want to go to.  I don't want to

3    schedule things that day.  Did you say the 18th wasn't good?

4              MS. OLSON:  That is correct, your Honor.

5              THE COURT:  Well, do you want to be part of a long

6    line of people on the 22nd?

7              MS. CHATMAN:  That's fine with plaintiff, your

8    Honor.

9              MS. OLSON:  Your Honor, I would need to move some

10   things for that day as well.  Do you want me to try and move

11   the --

12             THE COURT:  I don't want you to do that.

13             MS. OLSON:  Do you want me to move the 18th?  We

14   had just moved something to the 18th, which is why I knew the

15   18th was an issue.  Do you want me to try and see if I can

16   move the 18th?

17             THE COURT:  Well, all I need is a couple of days.

18   I will tell you what we will do, we will just move up your

19   responses to the motions in limine to December 8th, and then

20   maybe you can come in on the 12th or 13th.

21             MS. OLSON:  Unfortunately, your Honor, I don't

22   think those are any better.  Let's plan for the 18th, and I

23   will see if I can move the 18th.  This is an older case.  And

24   that may be easier just to go back to the drawing board and

25   say this isn't going to work, I just had a date scheduled by

1    the court.

2    THE COURT:  Okay.  All right.  We will see you on

3    the 18th, then, unless you've decided that -- I mean, I'm not

4    at all sure how you're trying to proceed.  But, okay, we will

5    worry about it on the 18th.  But I'm going to make it 9:45 so

6    I don't keep everybody else waiting.

7    MS. OLSON:  Thank you, your Honor.  I'm sorry to

8    take your time while we picked through those dates.

9    THE COURT:  Sometimes that happens.  Okay.  Thank

10   you.

11   MS. OLSON:  Thank you.

12   MS. CHATMAN:  Thank you.

13   (Which were all the proceedings heard.)

14                          CERTIFICATE

15   I certify that the foregoing is a correct transcript

16   from the record of proceedings in the above-entitled matter.

17   */s/Sandra M. Mullin*              *December 6, 2017*
     Official Court Reporter

18

19

20

21

22

23

24

25